IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-130-BO
No. 5:12-CV-718-BO

| | |
|---|---|
| DARYLE BERNARD CARTER,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Petitioner has also filed a motion to amend and supplement his § 2255 motion and a motion to appoint counsel.

## BACKGROUND

The Court hereby incorporates by reference the procedural background of this matter as stated in its October 10, 2013, order. Because it was then unable to discern when petitioner's motion to vacate was delivered to prison authorities for mailing, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the Court entered an order directing the government to file a copy of the prison mail log. [DE 93]. The government has complied with the Court's order, and petitioner, Mr. Carter, has responded. For the reasons discussed below, Mr. Carter's motion to vacate is dismissed.

## DISCUSSION

A petitioner may file a motion under § 2255 within one year of the date on which his conviction became final. 28 U.S.C. § 2255(f)(1). Mr. Carter's conviction became final on

October 3, 2011, the date the Supreme Court denied his petition for writ of certiorari. *Carter v. United States*, 132 S. Ct. 217 (2011); *Clay v. United States*, 537 U.S. 522, 527 (2003). Mr. Carter's motion to vacate is type-dated September 11, 2012, postmarked November 2, 2012, and was filed with the Court on November 5, 2012.

The prison mail log reflects that Mr. Carter delivered items to the prison authorities for mailing to this Court on September 25, 2012, at 8:00 a.m., November 2, 2012, at 8:10 a.m., and November 20, 2012, at 8:00 a.m. [DE 96]. Mr. Carter's motion to vacate was postmarked on November 2, 2012, and received by the clerk's office for filing on November 5, 2012. While the log does not reflect the contents of what was delivered to the authorities for mailing, the only reasonable inference is that Mr. Carter's motion to vacate was delivered to the prison authorities for mailing on November 2, 2012. The motion to vacate is therefore untimely pursuant to section 2255(f)(1).

Mr. Carter has not demonstrated that equitable tolling should be applied to deem his motion to vacate timely filed. Equitable tolling of the one-year period of limitations governing § 2255 petitions is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Mr. Carter has made no showing that any circumstance external to his own conduct prevented him from filing his motion within the limitations period. Equitable tolling is not therefore applicable here.

Finally, in his motion to supplement his § 2255 motion, Mr. Carter asserts that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), forms an

2

additional basis for relief. *Alleyne* does not, however, serve to render Mr. Carter's motion timely under 28 U.S.C. § 2255(f)(3), which provides that motions may be filed one year following "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review." The Fourth Circuit and others have held that *Alleyne* is not retroactively applicable to cases on collateral review. *United States v. Stewart*, No. 13-6775, 2013 WL 5397401 *1 n.1 (4th Cir. September 27, 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("*Alleyne* is an extension of *Apprendi* . . . [and] [t]he Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review."). Accordingly, Mr. Cater's motion to vacate was not timely filed and must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 85] is GRANTED

3

and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 79] is DISMISSED. Petitioner's motion to appoint counsel [DE 78] and motion for leave to amend supplement petition [DE 93] are DENIED.

SO ORDERED, this __21__ day of December, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4