IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-130-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DARYL BERNARD CARTER | ) | |

This cause comes before the Court on the Memorandum and Recommendation (M&R) of Magistrate Judge Robert T. Numbers, II. On June 11, 2025, Magistrate Judge Numbers recommended the Court deny defendant Daryl Bernard Carter's motion for compassionate release. [D.E. 188]. The M&R advised Carter he had fourteen days to file a written objection and the effect of failing to timely file a written objection. On July 8, 2025, Carter filed an untimely objection. [D.E. 203].

## BACKGROUND

In 2009, a jury convicted Carter of conspiracy to interfere with commerce by robbery (count one), two counts of interference with commerce by robbery (counts two and four), three counts of using and carrying a firearm in relation to a crime of violence and aiding and abetting (counts three, five, and seven), armed bank robbery and aiding and abetting (count six), and bank robbery (count eight). The court sentenced him to 1,012 months' imprisonment. [D.E. 58].

In 2020, Carter moved for compassionate release pursuant to the First Step Act's amendment to the sentencing structure of 18 U.S.C. § 924(c). [D.E. 167]. The court granted the motion and modified his sentence to five-year consecutive sentences on each of the three firearm charges, reducing his total sentence to 472 months' imprisonment. [D.E. 176].

On November 20, 2023, Carter filed another motion compassionate release seeking a further reduction of his sentence. Carter argues that his sentence is grossly disparate and unusually long. [D.E. 188]. The government opposes relief, arguing that Carter has failed to exhaust his administrative remedies within the Bureau of Prisons and that he otherwise should not be granted relief. [D.E. 198]. The M&R recommends the Court deny Carter's motion on the grounds that he has not exhausted his administrative remedies within the Bureau of Prisons.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Brooks,* 599 F. Supp. 3d 337, 340 (W.D.N.C. 2022) (quotations and citation omitted). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, or a party's objections are untimely, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *Leach v. Entzel*, 2019 WL 2870098, at *1 (N.D.W. Va.).

Given Carter's conclusory and untimely objection, the Court has reviewed the M&R for clear error and is satisfied that there is none on the face of the record. However, even if the Court

2

were to consider Carter's objection, there are further reasons to deny his motion for compassionate release. First, before a defendant may file for compassionate release, he must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022). By neither attaching nor describing any submission he made to the warden of the facility where he is incarcerated, Carter fails to demonstrate that he has done so. [D.E. 188, 202, 203].

Second, the § 3553(a) factors counsel against granting Carter's motion. "[A] district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) without 'considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). However, instead of providing evidence of his rehabilitation efforts or a proposal for a release plan, Carter attaches to his motion sixty-three pages disputing the merits of his extensive BOP disciplinary history. [D.E. 188]. Given this and Carter's extensive criminal history, as well as the violent offense conduct in this case, any further reduction to his sentence would minimize his criminal conduct and fail to protect the public.

## CONCLUSION

Accordingly, for the foregoing reasons, the Memorandum and Recommendation of Judge Numbers [D.E. 201] is ADOPTED, and defendant Carter's motion for compassionate release [D.E. 188] is DENIED.

SO ORDERED, this __17__ day of July 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3